IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JOHN RICHARD LUKACH                                              PETITIONER

        VS.                    Case No. 6:20-CV-06128-SOH-MEF

DEXTER PAYNE, Director,                                          RESPONDENT
Arkansas Division of Correction

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, John Richard Lukach ("Lukach"), has on November 10, 2020 filed a Petition

Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody.  (ECF No. 1).

The Respondent, Dexter Payne, Director, Arkansas Division of Correction ("Director Payne"),

filed his response to the petition on December 16, 2020.  (ECF No. 10).  Lukach requested an

extension of time to file a reply, and the Court granted a 60-day extension on December 29, 2020.

(ECF Nos. 12, 14).  He filed his reply on February 25, 2021.  (ECF No. 24).

On December 31, 2020, Lukach filed a document entitled "Motion for Permission, and for

Stay," in which he acknowledged Director Payne's position that certain of his claims are subject

to the restrictions on filing second or successive petitions for federal habeas relief, and Lukach

seeks a stay of these proceedings to allow him the opportunity to obtain permission from the United

States Court of Appeals for the Eighth Circuit to proceed on a second or successive habeas petition.

(ECF No. 16).  Director Payne filed his response to the motion for stay on January 19, 2021 (ECF

No. 18), stating that this is Lukach's third federal habeas petition concerning his convictions in

case numbers 30CR-91-115 and 30CR-91-126, and arguing that his claims challenging those

convictions should be dismissed for failure to obtain permission from the United States Court of

Appeals for the Eighth Circuit before filing the instant petition, or alternatively, the Court should

transfer the case to the Eighth Circuit for a determination of whether Lukach can meet the

requirements of 28 U.S.C. § 2244(b)(3)(A) to file a successive petition.  Lukach filed a reply on

February 22, 2021.  (ECF No. 22).  He filed a second reply on February 25, 2021.  (ECF No. 25).

The matter is ripe for report and recommendation.

## I.    Background

In June 1991, Lukach was charged with three counts of rape and one count of burglary in

Hot Spring County, Arkansas.  (ECF No. 10-2, pp. 9-13, 14-18; ECF No. 10-4, pp. 11-18, 19-26).

*See Lukach v. State*, 2020 Ark. 175, 2020 WL 2078974 at *2.  The trial court severed the charges

into two separate trials.  *Id.*  At the conclusion of his first trial held on August 14-15, 1991,

involving case numbers 30CR-91-123 and 30CR-91-124, Lukach was convicted of raping two

girls, ages seven and nine, and he was sentenced to two concurrent terms of life imprisonment.[1]

(ECF No. 10-2, p. 49).  The Arkansas Supreme Court affirmed these convictions on June 29, 1992.

*Lukach v. State*, 310 Ark. 119, 835 S.W.2d 852 (1992).  The second trial held on August 26-27,

1991, concerning case numbers 30CR-91-115 and 30CR-91-126, resulted in Lukach being

convicted of raping a five-year-old girl and committing burglary, and he was sentenced to life plus

twenty years' imprisonment.[2]  (ECF No. 10-4, p. 45).  The Arkansas Supreme Court affirmed these

convictions on June 22, 1992.  *Lukach v. State*, 310 Ark. 38, 834 S.W.2d 642 (1992).  Lukach did

not pursue post-conviction relief pursuant to Ark. R. Crim. P. 37.1.

On September 16, 1996, over four years after his convictions had been affirmed on direct

appeal, Lukach filed his first petition for state habeas corpus relief.[3]  (ECF No. 10-5, pp. 5-14).

Lukach challenged his three rape convictions, arguing that the Informations filed against him were

"fundamentally and fatally insufficient to support a conviction" because they omitted an essential

---

[1] The record on direct appeal for these convictions, appellate case number CR-91-279, is found at ECF No. 10-2.
[2] The record on direct appeal for these convictions, appellate case number CR-91-293, is found at ECF No. 10-4.
[3] The record on direct appeal for this proceeding, appellate case number CR-97-256, is found at ECF No. 10-5.

element of the offenses, i.e., a culpable mental state, thus depriving the trial court of jurisdiction. (*Id*.). The trial court denied his petition on November 20, 1996, and Lukach appealed the denial to the Arkansas Supreme Court. (*Id*., pp. 37-38, 39-40). The Arkansas Supreme Court affirmed the denial of his petition on April 30, 1998, and the mandate issued on May 19, 1998. *Lukach v. State*, No. CR 97-256, 1998 WL 221332 (Ark. Apr. 30, 1998).

Over the next twenty-plus years, Lukach filed multiple petitions for habeas corpus relief, a writ of error coram nobis, and other miscellaneous requests in state courts. *Lukach v. State*, 2020 Ark. 175, 2020 WL 2078974 (Ark. April 30, 2020); *Lukach v. State*, 2018 Ark. 208, 548 S.W.3d 810 (June 17, 2018); *Lukach v. State*, 2017 Ark. 128, 516 S.W.3d 711 (April 13, 2017); *Lukach v. State*, 2014 Ark. 451, 2014 WL 5493961 (Ark. Oct. 13, 2014); *Lukach v. State*, No. CR 07-797, 2007 WL 3197522 (Ark. Nov. 1, 2007); *Lukach v. State*, 369 Ark. 475, 255 S.W.3d 832 (2007); *Lukach v. Norris*, No. 05-1344, 2006 WL 728478 (Ark. Mar. 23, 2006); and, *Lukach v. State*, Nos. CR 91-279, CR 91-293, 2003 WL 22672183 (Ark. Nov. 13, 2003).[4]

Lukach also filed two federal habeas petitions in this Court. On March 13, 1996, Lukach filed his first petition for habeas corpus in this Court, challenging only his convictions in case numbers 30CR-91-115 and 30CR-91-126. (*Lukach v. Norris*, No. 6:96-cv-06039, ECF No. 3). He asserted six grounds for relief: (1) that he was improperly denied a continuance which was needed in view of the failure of the State to comply with discovery requests; (2) that a mistrial should have been granted due to the State's failure to comply with discovery requests; (3) trial court error in denying his motion for a directed verdict; (4) denial of his Sixth Amendment right of confrontation; (5) trial court error in denying his motion for a new trial; and, (6) ineffective

---

[4] The appellate record for *John R. Lukach v. Larry Norris*, Supreme Court of Arkansas, CV-05-1344, is found at ECF No. 10-6. The appellate record for *John R. Lukach v. Ray Hobbs*, Supreme Court of Arkansas, CV-13-571, is found at ECF Nos. 10-7 to 10-9. The appellate record for *John R. Lukach v. State of Arkansas*, Supreme Court of Arkansas, CR-16-574, is found at ECF Nos. 10-10 to 10-13.

assistance of counsel as to all previous grounds, and in not permitting Petitioner to testify, failure to call other witnesses, and failure to object to the prosecutor's statements during closing argument. (*Id*.). The Court dismissed the petition on September 19, 1998. (*Id*., ECF No. 17). The United States Court of Appeals for the Eighth Circuit denied a certificate of appealability on November 18, 1996, and the Mandate issued on December 31, 1996. (*Id*., ECF No. 21).

Lukach filed his second habeas petition on July 30, 1999, challenging the same two convictions. (*Lukach v. Norris*, No. 6:99-cv-6091, ECF No. 1). This petition was dismissed on October 7, 1999, because Lukach failed to obtain permission from the United States Court of Appeals for the Eighth Circuit before filing the successive petition. (*Id.*, ECF No. 12). Lukach then filed an application for permission to file a successive petition, which the United States Court of Appeals for the Eighth Circuit denied on July 12, 2000. (*Id.*, ECF No. 15).

On November 10, 2020, over 20 years later, Lukach filed his current petition for writ of habeas corpus, challenging all four of his convictions. He makes the following claims: (1) he was not appointed counsel; (2) the prosecutor did not issue, serve, or file notice-of-arraignment documents in case numbers 30CR-91-115 and 30CR-91-126; (3) he did not have a plea hearing in case number 30CR-91-126; (4) the prosecutor did not file affidavits in support of the Informations filed; (5) the prosecutor withheld portions of his trial transcripts; (6) no arrest warrant was issued, served, or filed; (7) he never waived his right to a jury trial in Hot Spring County; (8) case numbers 30CR-91-115 and 30CR-91-126 were transferred to Grant County without a change-of-venue motion; and, (9) his right to a speedy trial was violated in case numbers 30CR-91-123 and 30CR-91-124. Director Payne responded to the petition on December 16, 2020, arguing that all claims regarding case numbers 30CR-91-115 and 30CR-91-126 should be dismissed for failure to first obtain authorization from the United States Court of Appeals for the Eighth Circuit to file a

successive federal habeas petition, and that Lukach's other claims are untimely and procedurally defaulted.  (ECF No. 10).

## II.    Discussion

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall be entertained only on the ground that the petitioner is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a). Before seeking federal habeas review, a state prisoner must exhaust available state remedies, giving the state the opportunity to correct alleged violations of prisoners' federal rights, "which means he must 'fairly present' his claim in each appropriate state court to alert that court to the claim's federal nature." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); 28 U.S.C. §§ 2254(b) and (c) (requiring state prisoner seeking federal habeas relief to exhaust all remedies available in the state courts).  When a habeas petitioner fails to raise his federal claims in state court, he deprives the state of "an opportunity to address those claims in the first instance" and frustrates the state's ability to honor his constitutional rights.  *Cone v. Bell*, 556 U.S. 449, 465 (2009) (quoting *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)).  Therefore, when a habeas petitioner defaults his federal claims by failing to raise them in state court in compliance with the relevant state procedural rules, federal habeas review is barred unless the petitioner can demonstrate "cause" for the default and "actual prejudice" resulting from the alleged violation of federal law, or alternatively, demonstrate that failure to consider his claims will result in a fundamental miscarriage of justice.  *Id*.; *Coleman*, 501 U.S. at 750.

Lukach's current petition, as it relates to case numbers 30CR-91-115 and 30CR-91-126, is subject to dismissal for failure to first obtain authorization from the United States Court of Appeals for the Eighth Circuit to file a successive federal habeas petition.  Lukach's other claims are subject

to dismissal because they are untimely and procedurally barred.  It is recommended that the Motion to Stay (ECF No. 16) be denied, and that his Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) be dismissed.

### A.    No Authorization to File a Successive Petition

This is the third time Lukach has filed a federal habeas petition challenging his convictions in case numbers 30CR-91-115 and 30CR-91-126, and he did not obtain authorization from the United States Court of Appeals for the Eighth Circuit before filing his successive petition. Pursuant to 28 U.S.C. § 2244(b)(3)(A), this Court lacks jurisdiction to consider the claims Lukach presents in his unauthorized successive petition.  *See Burton v. Stewart*, 549 U.S. 147, 152 (2007) (per curiam); *Nooner v. Norris*, 499 F.3d 831, 833 (8th Cir. 2007).

Accordingly, Lukach's claims challenging his convictions in case numbers 30CR-91-115 and 30CR-91-126 should be dismissed for lack of jurisdiction.

### B.    The Petition is Untimely

Enacted on April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") sets forth a one-year statute of limitations for state prisoners to file an application for a writ of habeas corpus.  28 U.S.C.A. 2244(d)(1).  State prisoners "whose convictions became final before AEDPA's enactment are entitled to a one-year 'grace period' following the Act's enactment." *Baker v. Norris*, 321 F.3d 769, 771 (8th Cir. 2003) (citing *Nichols v. Bowersox*, 172 F.3d 1068, 1072-73 (8th Cir.1999)).  In such cases, prisoners have until April 24, 1997, to file a habeas petition, absent statutory or equitable tolling.  *Id.*

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  However, post-conviction

6

petitions filed after the statute of limitations for filing a habeas petition has expired cannot toll the already expired federal statute of limitations. *See Curtiss v. Mt. Pleasant Correctional Facility*, 338 F.3d 851, 854 (8th Cir. 2003) (after the deadline for filing a federal petition has passed, a later filing for post-conviction relief in state court cannot act to toll the federal statute of limitations). Further, federal habeas petitions cannot be the basis for tolling the limitations period. *Cross-Bey v. Gammon*, 322 F.3d 1012, 1014 (8th Cir. 2003).

Equitable tolling may be available to a habeas petitioner, but only "under limited conditions, for example, where extraordinary circumstances beyond a prisoner's control prevent the timely filing." *See Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001); *United States v. Martin*, 408 F.3d 1089, 1092 (8th Cir. 2005); *Holland v. Florida*, 560 U.S. 631, 645, 649 (2010). Use of equitable procedures should be infrequent, *Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002), and will not be applied if the habeas movant has not diligently pursued his rights, *Finch v. Miller*, 491 F.3d 424, 427 (8th Cir. 2007). "Equitable tolling is an exceedingly narrow window of relief." *Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005).

Lukach's 1991 convictions became final before AEDPA's enactment on April 24, 1996. Thus, his one-year grace period expired on April 24, 1997, absent any statutory or equitable tolling. *Baker*, 321 F.3d at 771. Lukach's limitation period started on April 24, 1996, and it ran until he filed his first state habeas petition on September 16, 1996, for a total of 145 days. (ECF No. 10-4). *See Gray v. Gammon*, 283 F.3d 917, 918 (8th Cir. 2002) (a state court action must have been pending from April 24, 1996, to April 24, 1997, to toll the limitations). This state habeas proceeding remained pending until the Arkansas Supreme Court issued its mandate affirming the denial of the petition on May 19, 1998. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) ("an application for state post-conviction review no longer exists" once "the State's highest court has

7

issued its mandate or denied review"). Lukach's limitations period began to run again the next day, May 20, 1998, and it expired 220 days later, on December 27, 1998. Lukach did not file his next petition for post-conviction relief until June 24, 2005, well after the limitations period had expired, and the filing of that petition did not toll it. (ECF No. 10-6, p. 4).

Moreover, Lukach's two federal habeas proceedings did not toll the statute of limitations. *See Cross-Bey*, 322 F.3d at 1014 (the language of § 2244(d)(2), which permits tolling while "State post-conviction or other collateral relief" is pending, does not permit tolling on account of a pending federal habeas corpus petition) (citing *Duncan v. Walker*, 533 U.S. 167, 181 (2001)).

In attempting to explain why the one-year limitations period does not bar his petition, Lukach simply restates the alleged facts he contends support his grounds for relief. (ECF No. 1, pp. 19-20). He suggests that his untimeliness should be excused because he did not know until April 2011 that the prosecutor allegedly withheld portions of the trial transcripts from him. (ECF No. 1, pp. 7, 8, 11, 12, 13). Even if so, Lukach still waited over nine and a half years before filing the current habeas petition, hardly a demonstration that he was pursuing his rights diligently to justify the "exceedingly narrow window of relief" under equitable tolling.

Accordingly, Lukach's current habeas petition should be dismissed as untimely.

### C.    Procedural Default

Under principles of comity, "a state prisoner's federal habeas petition should be dismissed if the prisoner has not exhausted available state remedies as to any of his federal claims." *Coleman v. Thompson*, 501 U.S. at 731. Before a claim for relief can be considered in a federal habeas petition, "both the factual grounds and legal theories on which the claim is based must have been presented to the highest state court in order to preserve the claim for federal review." *Miller v. Lock*, 108 F.3d 868, 871 (8th Cir. 1997) (citations omitted). State courts should have the

opportunity to review the rulings of lower state courts and correct any federal constitutional errors. *Engle v. Isaac*, 456 U.S. 107, 128-29 (1982). The claims must be presented in a timely and procedurally correct manner to allow review on the merits, and a failure to do so results in a procedural default. *Kemp v. Kelley*, 924 F.3d 489, 499 (8th Cir. 2019); *Kennedy v. Delo*, 959 F.2d 112, 115 (8th Cir. 1992). "The failure to file a timely motion for post-conviction relief in the state court is a procedural default that will bar habeas review absent cause and prejudice." *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (citing *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)).

Lukach failed to present the claims he now asserts on direct appeal, and he did not file a Rule 37 petition in state court. Further, trial errors are non-cognizable in state habeas proceedings. *See Williams v. Kelley*, 2017 Ark. 200, at 3, 521 S.W.3d 104, 107 ("Assertions of trial error and due-process claims do not implicate the facial validity of the judgment or the jurisdiction of the trial court" and are "not cognizable in habeas proceedings"). Thus, asserting claims for the first time in a state habeas corpus proceeding, as Lukach did, and which the state court refused to consider on the merits, is insufficient to preserve those claims for merits review in federal habeas. As a result, Lukach's claims in this federal habeas corpus proceeding are procedurally defaulted, and he has failed to articulate and establish any facts sufficient to establish cause and prejudice to excuse the default.

### III.    Conclusion

For the reasons and upon the authorities discussed above, Lukach's habeas claims relating to case numbers 30CR-91-115 and 30CR-91-126 are subject to dismissal because Lukach failed to first obtain authorization from the United States Court of Appeals for the Eighth Circuit to file a successive federal habeas corpus petition. Lukach's other claims are subject to dismissal because they are untimely and inexcusably procedurally barred.

9

It is recommended that Lukach's Motion for Stay (ECF No. 16) be DENIED and that his Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) be DISMISSED.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 1st day of March 2021.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE