IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JOHN RICHARD LUKACH                                                                    PETITIONER

v.                                         Case No. 6:20-cv-06128

DEXTER PAYNE, Director,
Arkansas Division of Correction                                                        RESPONDENT

**ORDER**

Before the Court is the Report and Recommendation filed on March 1, 2021, by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 27). Petitioner filed objections. (ECF No. 30). The Court finds the matter ripe for consideration.

On November 10, 2020, Petitioner filed a Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody. (ECF No. 1). On December 31, 2020, Petitioner filed a "Motion for Permission, and for Stay" in which Petitioner seeks a stay of the present proceedings to obtain permission from the United States Court of Appeals for the Eighth Circuit to proceed on a second or successive habeas petition. (ECF No. 16).

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). The Court applies a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995).

Pursuant to § 646(b)(1), the Court will conduct a *de novo* review of all issues related to Plaintiff's specific objections. Plaintiff objects to the Report and Recommendation's finding that the Motion for Stay (ECF No. 16) should be denied and that his Petition under for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) should be dismissed.

Plaintiff filed what he styles as "written objection,"[1] and argues that his Fifth, Sixth and Fourteenth Amendment rights have been violated.[2] Judge Ford states that Petitioner's failure to obtain authorization from the United States Court of Appeals for the Eighth Circuit subjects his claims to dismissal. Additionally, Petitioner's other claims are subject to dismissal because they are untimely and procedurally barred.

After conducting a de novo review of the Report and Recommendation to which Petitioner has objected, this Court finds the Objections offer neither law nor fact requiring departure from the Magistrate's findings. Petitioner objects on the grounds of the Fifth, Sixth, and Fourteenth Amendments, but the Court does not find any Constitutional violations present. *Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001). Even if Constitutional violations were found, the

---

[1] As previously stated, the Court must liberally construe *pro se* objections to determine whether they are specifically responsive to a Report and Recommendation. In applying this liberal construction, the Court will review each of Petitioner's objections even though they do not specifically reference the instant Report and Recommendation.

[2] While Petitioner does not explicitly list these Amendments in his objections, the Court interprets his arguments that his right to a jury trial, due process, and equal protection have been violated, and thus Petitioner's argument triggers the Fifth, Sixth, and Fourteenth Amendments.

Court agrees with Judge Ford's findings that Petitioner's failure to obtain authorization from the Eighth Circuit subjects his claims to dismissal. Additionally, the Petitioner's remaining claims are untimely and procedurally barred. Accordingly, the Court finds that the report and recommendation (ECF No. 27) is proper, contains no clear error, and should be and hereby is **ADOPTED IN ITS ENTIRETY**.

**IT IS SO ORDERED**, this 20th day of May, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge