IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JOHN RICHARD LUKACH     PETITIONER

v.     Case No. 6:20-cv-06128

DEXTER PAYNE, Director,
Arkansas Division of Correction     RESPONDENT

## ORDER

Before the Court is Petitioner's Motion for Reconsideration and Clarification. (ECF No. 32). The Court finds this matter ripe for consideration.

Defendant is asking the Court to vacate its Order (ECF No. 31) adopting the Report and Recommendation filed on March 1, 2021, by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 27). In that Report and Recommendation, Judge Ford recommended that Petitioner's Motion for Stay be denied and that his Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody be dismissed. On June 3, 2021, Petitioner filed the present motion.[1]

Federal Rule of Civil Procedure 60(b) allows a district court to relieve a party from a judgment on the narrow grounds of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, voidness, or "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). The purpose of Rule 60(b) relief is not to give parties an opportunity to re-argue their case, and it should not be used as a substitute for a timely appeal. *Nichols v. United States*, 400CR00022-03-WRW, 2006 WL 3420303 (E.D. Ark. Nov. 28, 2006); *Fox v. Brewer*, 620 F.2d 177, 180 (8th Cir. 1980). Rule 60(b) "is not a vehicle for simple

---

[1] While not explicitly stated, the Court interprets the present motion as a motion for relief from a judgment or order under Rule 60(b).

reargument on the merits." *Broadway v. Norris*, 193 F.3d 987, 989-90 (8th Cir. 1999). The only type of judicial "mistake" that is actionable under Rule 60(b) is inadvertence, that is, a court's failure to consider a party's submissions. *See Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 460-61 (8th Cir. 2000).

Petitioner's motion does not raise any claims or arguments that were not raised prior to the Court's Order adopting the Report and Recommendation. Petitioner argues that the Report and Recommendation is highly prejudicial and the Order adopting the Report and Recommendation is without clarification on each claim. Petitioner's failure to obtain authorization from the United States Court of Appeals for the Eighth Circuit to file a successive habeas petition subjects his claims to dismissal. Additionally, Petitioner's remaining claims are subject to dismissal because they are untimely and procedurally barred.  Defendant's disagreement with the Court's findings does not equate to a mistake or any other reason that would justify departure from the Court's initial ruling.

Accordingly, the Court finds that Plaintiff has failed to point the Court to any manifest error of law, manifest error of fact, or newly discovered evidence such that would allow the Court to appropriately reconsider its ruling. *See Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1998).  For the reasons stated above, the Court finds that Petitioner's motion (ECF No. 32) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 17th day of June, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge
